## Case No. 11,155.

### PIERSON et al. v. BANK OF WASHINGTON.

[3 Cranch, C. C. 363.] [1]

Circuit Court, District of Columbia. Dec. Term, 1828.

**BANKS AND BANKING — TRANSFER OF STOCK BY DEBTOR.**

The Bank of Washington has a right, under the 11th section of its charter, to prevent a transfer upon its books, of a part of the bank stock of its debtor, until the debt should be paid, although the value of the stock should greatly exceed the amount of the debt.

Action on the case for damages for not permitting the plaintiffs [Pierson and Brent], as executors of Robert Brent, to transfer to one John Coyle, 20 shares of stock in the Bank of Washington, standing in the name of their testator, which they had sold to Coyle for $1,000. The defendants justified under the 11th section of their charter of February 15, 1811, which enacts that the shares of the capital stock shall be transferable only on the books of the bank, "but all debts actually due and payable to the bank, (days of grace for payment being past,) by a stockholder requesting a transfer, must be satisfied before such transfer shall be made, unless the president and directors shall direct to the contrary." At the trial the plaintiffs took a bill of exceptions, which stated, that the defendants gave in evidence their charter of February 15, 1811, and a judgment in their favor against the plaintiffs, as ex-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

ecutors of the said Robert Brent, for $1,-001.75, with interest from the 18th of May, 1819, and offered evidence to prove that the bank at the time of the application for a transfer of the stock, claimed of the plaintiffs, as executors of the said R. Brent, more than the amount of the judgment, namely, about $1,600, for which additional sum a suit in equity was then pending against the plaintiffs as executors. That when the plaintiffs demanded the transfer, they requested the bank to retain as much of the stock as would be amply sufficient to cover the debt which the bank claimed; but the bank refused to permit the transfer, b'elieving that they had a right to do so by the 11th section of their charter. The plaintiffs then gave in evidence the record of the proceedings, in which a decree was made in favor of the United States against them as executors of the said Robert Brent. It was admitted, upon the trial, that the said Robert Brent, at the time of his death, held in the said bank the stock in the declaration mentioned, of the par value of $13,000, and that "he died indebted to the United States in more than he was worth, and was at the time of his death insolvent." Upon which the counsel for the defendants prayed the court to instruct the jury, that if they believed the evidence aforesaid to be true, the plaintiff had no right to recover in this suit.

Mr. Worthington and Mr. Swann, for plaintiffs, contended that it was unreasonable in the bank to refuse the transfer of $1,000 only of stock, while they held stock to the amount of $13,000; and that, as they demanded payment of more than was due, they could not make the payment of that whole claim the condition of permitting the transfer.

THE COURT (nem. con.) refused to give the instruction as prayed; but instructed the jury that the evidence aforesaid was not sufficient in law to entitle the plaintiffs to recover in this action; and further instructed the jury, that if they should be satisfied by the evidence that the plaintiffs, as executors of the said Robert Brent, were, at the time when they demanded the transfer, indebted to the bank, the latter had a: right, under the eleventh section of their charter, to refuse to suffer the transfer to be made. And although the bank may, at that time, have claimed more than was due, yet, if any thing was due, the plaintiffs should have tendered what they admitted to be due; and' if nothing more was due than the amount tendered, the bank was wrong in refusing the transfer; if more was due, the bank was right.

Mr. Worthington and Mr. Swann, for the plaintiffs, moved for a new trial; because the court had refused evidence of malice in the defendants; and because the plaintiff's testator died insolvent, and indebted to the United States, as a receiver of public money. And cited Warne v. Varley, 6 Term R. 443; Seaman v. Patten, 2 Caines, 312; Imlay v. Sands, 1 Caines, 566.

But THE COURT stopped Mr. Wallach, in reply, and overruled the motion. (See Panton v. Holland, 17 Johns. 98, 99.)